Filing # 112886368 E-Filed 09/03/2020 06:30:35 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SABRINA REESE,                          )
                                        )
    **Plaintiff,**                     )
                                        )
vs.                                     )      CASE NO.: 2020-018789-CA-01
                                        )
MIAMI-DADE COUNTY                       )
                                        )
    **Defendant.**                     )
_____ )

DATE. _9/15_   TIME: _1150A_

**SUMMONS IN A CIVIL CASE** INITIALS: _C_   ID #: _245_

**TO:** MIAMI-DADE COUNTY

    Downtown Office
    Stephen P. Clark Government Center
    111 NW 1st Street, Suite 220
    Miami, Florida 33128

*[handwritten:] C/O Mayor Carlos Gimenez 29th FL*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

    Alberto Naranjo
    AN Law Firm, P.A.
    7900 Oak Ln # 400 AN Law
    Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

9/9/2020

CLERK                          DATE

_B___                          309877

(BY) DEPUTY CLERK

*[stamp:] RECEIVED 2020 SEP 15 AM 11: 55 OFFICE OF THE MAYOR*

Filing # 112778368 E-Filed 09/02/2020 12:58:40 PM

**IN THE CIRCUIT COURT OF**
**THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No.**

SABRINA REESE,

      Plaintiff(s)

vs.

MIAMI-DADE COUNTY,

      Defendant(s)

_____/

**COMPLAINT**

1. SABRINA REESE, (hereinafter "Plaintiff"), brings this action against MIAMI-DADE
   COUNTY, (hereinafter "Defendant") alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**PARTIES, VENUE AND JURISDICTION**

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the
   age of 18 and is otherwise *sui juris*.

4. Defendant, is the local County, duly authorized to engage in business in the State of
   Florida, which at all relevant times hereto was Plaintiff's employer. Defendant is
   otherwise *sui juris*.

5. Venue is proper in Miami-Dade County because Defendant employed Plaintiff in the
   county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") resides in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. This Court has jurisdiction pursuant to the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act, ("FMLA"), and the Florida Civil Rights Act (FCRA), Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act (Title VII), Pregnancy Discrimination Act (PDA), Florida Private Sector Whistleblower Act (FWA), and/or Florida Statute Chapter 440.

8. All conditions precedent to the bringing of this action have occurred or been performed, i.e. a Charge of Discrimination was filed, Right to Sue Letter issued and lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

**COUNT ONE**
**Discrimination – ADA**

9. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

10. At all relevant times Plaintiff was an employee of Defendant and was qualified.

11. Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

12. Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

13. Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder which was visible to co-workers.

14. On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

15. As to the next workday, Plaintiff requested medical leave per Defendant's policies but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

16. Plaintiff's request for accommodation was reasonable as it was a benefit Plaintiff was entitled to under the law.

17. Plaintiff's disability, requested for reasonable accommodation and/or being perceived to be disabled caused the termination of employment.

18. It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's disability and requesting reasonable accommodations.

19. The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retalation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

20. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

21. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

22. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

23. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

24. Plaintiff hereby requests a jury trial.

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT TWO**
**Retaliation – ADA**

26. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

27. At all relevant times Plaintiff was an employee of Defendant and was qualified.

28. Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

29. Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

30. Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder.

31. On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

32. As to the next work day, Plaintiff requested medical leave per Defendant's policies but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

33. Plaintiff's disability, request for reasonable accommodation and/or being perceived to be disabled caused the retaliatory termination.

34. It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's disability and requesting reasonable accommodations.

35. The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retalation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

36. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

37. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

38. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

39. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

40. Plaintiff hereby requests a jury trial.

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or

alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### COUNT THREE
### FMLA Interference

42. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

43. Defendant are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

44. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

45. Defendant has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendant).

46. Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted the Defendant of the need for medical leave. As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

47. At all relevant times Plaintiff was an employee of Defendant and was qualified.

48. Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

49. Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

50. Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder.

51. On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

52. Plaintiff requested medical leave per Defendant's policies regarding the next work day, but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

53. Plaintiff's request for FMLA caused the interference of benefits and termination.

54. It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's FMLA request.

55. The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retalation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

56. Plaintiff requested was delayed, ignored, and/or denied for unjust reasons.

57. Defendant failed to enter into the interactive FMLA process, nor provide FMLA benefits/protections, as Defendant terminated Plaintiff.

58. Defendant's reason for termination is pretextual as Plaintiff was covered by the FMLA.

59. Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; and Defendant interfered with, restrained, deterred and terminated Plaintiff due to the FMLA leave request.

60. Defendant interfered, restrained, intimidated, deterred and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested. These adverse employment actions, made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because of Plaintiff's request for FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

61. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

62. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to interference, restraint and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant interfered and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

63. Defendant, acting by and through its employees, maintained a policy of interference and/or harassment in violation of the FMLA, as they maintain a pattern of harassing, terminating and denying FMLA requests.

64. As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages including lost wages, loss of benefits and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing.  Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits or the full cost of the benefits as paid by the employer.

65. Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA. Defendant' actions were harsh, oppressive, and malicious. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

66. Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

67. Plaintiff hereby requests a jury trial.

68. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein; Grant Plaintiff general damages for the

damage to Plaintiff caused by Defendant' violations alleged in this Complaint; Pre-judgment interest at the highest legal rate; Post-judgment interest at the highest legal rate until paid; Back pay; Front pay; Punitive damages; Liquidated damages; Exemplary damages; Attorney's fees; All costs of court expended herein; Actual monetary losses sustained by Plaintiff as a direct result of the violation, such as the cost of providing care, up to a sum equal to twelve (12) weeks of wages or salary; and such other and further relief, at law or in equity, general or special to which Plaintiff may show is justly entitled.

## COUNT FOUR
### FMLA Retaliation

69. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

70. Defendant are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

71. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e. employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

72. Defendant has the minimum number of employees and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was in fact approved for FMLA leave by Defendant).

73. Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted the Defendant of the need for medical leave. As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

74. At all relevant times Plaintiff was an employee of Defendant and was qualified.

75. Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

76. Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

77. Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder.

78. On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

79. Plaintiff requested medical leave per Defendant's policies regarding the next work day, but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

80. Plaintiff's request for FMLA caused the retaliatory termination.

81. It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's FMLA request.

82. The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retalation, discrimination, and/or termiation, goes to show

that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

83. Plaintiff requested was delayed, ignored, and/or denied for unjust reasons.

84. Defendant failed to enter into the interactive FMLA process, nor provide FMLA benefits/protections, as Defendant terminated Plaintiff.

85. Defendant's reason for termination is pretextual as Plaintiff was covered by the FMLA.

86. Plaintiff requested were based on a good faith, Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; and Defendant interfered with, restrained, deterred and terminated Plaintiff due to the FMLA leave request.

87. Defendant retaliated, restrained, intimidated, deterred and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested. These adverse employment action made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because of Plaintiff's request for FMLA leave as Plaintiff was terminated while needing FMLA leave.

88. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

89. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the FMLA due to retaliation, restraint and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but instead

Defendant retaliated and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

90. Defendant, acting by and through its employees, maintained a policy of interference and/or harassment in violation of the FMLA, as they maintain a pattern of harassing, terminating and denying FMLA requests.

91. As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages including lost wages, loss of benefits and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing.  Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits or the full cost of the benefits as paid by the employer.

92. Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA. Defendant' actions were harsh, oppressive, and malicious. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

93. Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

94. Plaintiff hereby requests a jury trial.

95. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that

Defendant be cited to appear and answer, and that on final hearing of this cause,

Plaintiff has the following relief:  Judgment against Defendant, for actual damages

sustained by Plaintiff as alleged herein; Grant Plaintiff general damages for the

damage to Plaintiff caused by Defendant' violations alleged in this Complaint; Pre-

judgment interest at the highest legal rate; Post-judgment interest at the highest

legal rate until paid; Back pay; Front pay; Punitive damages; Liquidated damages;

Exemplary damages; Attorney's fees; All costs of court expended herein; Actual

monetary losses sustained by Plaintiff as a direct result of the violation, such as the

cost of providing care, up to a sum equal to twelve (12) weeks of wages or salary;

and such other and further relief, at law or in equity, general or special to which

Plaintiff may show is justly entitled.

## COUNT FIVE

### Failure to Provide a Reasonable
### Accommodation in Violation of the ADA

96. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

97. At all relevant times Plaintiff was an employee of Defendant and was qualified.

98. Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e.

date of termination.

99. Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave

notice as to the reason for surgery and disclosed the disability to Defendant, i.e.

direct supervisors as well as upper management in order to request FMLA leave.

100. Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder which was visible to co-workers.

101. On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

102. As to the next workday, Plaintiff requested medical leave per Defendant's policies but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

103. Plaintiff's request for accommodation was reasonable as it was a benefit Plaintiff was entitled to under the law.

104. Plaintiff's disability, requested for reasonable accommodation and/or being perceived to be disabled caused the termination of employment.

105. It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's disability and requesting reasonable accommodations.

106. The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retaliation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

107. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

108. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

109.   Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

110.   Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

111.   Plaintiff hereby requests a jury trial.

112.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT SIX
### Discrimination – FCRA

113.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

114.   At all relevant times Plaintiff was an employee of Defendant and was qualified.

115.   Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

116.   Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

117.   Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder which was visible to co-workers.

118.   On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

119.   As to the next workday, Plaintiff requested medical leave per Defendant's policies but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

120.   Plaintiff's request for accommodation was reasonable as it was a benefit Plaintiff was entitled to under the law.

121.   Plaintiff's disability, requested for reasonable accommodation and/or being perceived to be disabled caused the termination of employment.

122.   It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's disability and requesting reasonable accommodations.

123.   The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retalation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

124. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

125. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

126. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

127. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

128. Plaintiff hereby requests a jury trial.

129. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or

alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT SEVEN
### Retaliation – FCRA

130.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

131.   At all relevant times Plaintiff was an employee of Defendant and was qualified.

132.   Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

133.   Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

134.   Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder.

135.   On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

136.   As to the next work day, Plaintiff requested medical leave per Defendant's policies but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

137.   Plaintiff's disability, request for reasonable accommodation and/or being perceived to be disabled caused the retaliatory termination.

138.   It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's disability and requesting reasonable accommodations.

139.   The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retaliation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

140.   Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

141.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

142.   Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

143.   Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

144.   Plaintiff hereby requests a jury trial.

145.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff

compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT EIGHT

### Failure to Provide a Reasonable
### Accommodation in Violation of the FCRA

146.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

147.   At all relevant times Plaintiff was an employee of Defendant and was qualified.

148.   Plaintiff worked for Defendant as a Pharmacy Technician until May 31, 2019, i.e. date of termination.

149.   Plaintiff required surgery due to a disability on February 28, 2019. Plaintiff gave notice as to the reason for surgery and disclosed the disability to Defendant, i.e. direct supervisors as well as upper management in order to request FMLA leave.

150.   Plaintiff returned to work with restrictions of not lifting more than 10-pounds and required to wear a supportive brace/binder which was visible to co-workers.

151.   On May 9, 2019, Plaintiff again was diagnosed with a disability but did not requires medical leave until May 24, 2019, when Plaintiff requested to leave work early due to her disability.

152.   As to the next workday, Plaintiff requested medical leave per Defendant's policies but Plaintiff was terminated without warning, for no just cause nor any reason attributable to Plaintiff.

153.   Plaintiff's request for accommodation was reasonable as it was a benefit Plaintiff was entitled to under the law.

154.   Plaintiff's disability, requested for reasonable accommodation and/or being perceived to be disabled caused the termination of employment.

155.   It telling that Plaintiff was terminated within 4 months of Defendant getting notice of Plaintiff's disability and requesting reasonable accommodations.

156.   The causal link between the timing of Plaintiff's protected category/activity and Defendant's harrasment, retalation, discrimination, and/or termiation, goes to show that Defendant took these adverse employment actions in substantial part due to illegal discrimination at work.

157.   Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

158.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

159.   Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

160.   Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law

Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

161.    Plaintiff hereby requests a jury trial.

162.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for past and future loss of wages and benefits, plus interest;

C.  Award Plaintiff compensatory and punitive damages;

D.  Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and

proper and/or which Plaintiff may be entitled to under the applicable laws.


Respectfully submitted,

/s/Alberto Naranjo
Florida Bar No. 092923
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Fax: 305-942-8070
Email: an@anlawfirm.com

**_Counsel for Plaintiff_**